

Ian Smith
ian@spirelawfirm.com
407.494.0135

Spire Law, LLC
2572 W State Rd 426
Suite 2088
Oviedo, FL 32765

1 East Broward Boulevard
Suite 700
Ft. Lauderdale, FL, US 33301

**spirelawfirm.com**

<u>Via Electronic Filing</u>
**March 17, 2023**
The Honorable Judge John Peter Cronan
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

**Re.:** *Feliz v. Newhere, Inc.*
**Case No: 1:23-cv-00357**

**Request for Pre-Motion Conference Re: Anticipated Motion to Dismiss Plaintiff's Complaint**

Dear Judge Cronan:

On behalf of Defendant, Newhere, Inc. (Defendant or "Newhere"), in the above-referenced matter, the undersigned counsel files this letter motion, pursuant to Rules 6(A) of Judge Cronan's *Individual Rules of Practice in Civil Cases*, respectfully requesting the Court order a Pre-Motion Conference regarding Defendant's anticipated motion to dismiss under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

This case arises under Title III of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*., and concerns website accessibility. On behalf of himself and others similarly situated, Plaintiff, who is visually impaired, claims that he was unable to use the Defendant's website (cbdfx.com) to "purchas[e] the CBD Gummies." (*id*. ¶ 66). For the following reasons, the Court should dismiss Plaintiff's complaint.

First, Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(2) because Newhere, Inc. is not subject to personal jurisdiction in New York. Rule 4(e)(1) of the Federal Rules of Civil Procedure requires the Court to follow New York law regarding personal jurisdiction. In New York, New York Civil Practice Law and Rules ("NYCPLR") § 302 governs a Court's assertion of personal jurisdiction over the acts of non-domiciliaries, which reads in pertinent part:

> "[A] court may exercise personal jurisdiction over any non-domiciliary … who in person or through an agent: … transacts any business within the state or contracts anywhere to supply goods or services in the state.

NYCPLR § 302(a)(1). Newhere, Inc. is a company registered in California. Newhere does not actively market its goods and services in New York and transacts a small amount, if any, of its



business in New York or with any New York consumer. In the absence of more substantial contact with the state of New York, Newhere is not subject to the Court's personal jurisdiction. Plaintiff's claims should be dismissed under Rule 12(b)(2).

Second, Plaintiff's claims regarding Defendant's website are mooted because Defendant's remedied the barriers to access in its website. *Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177, 2019 WL 2357531, at *1 (S.D.N.Y. Jun 4, 2019) (granting motion to dismiss where "[d]efendant claims that it has remedied the barriers to access in its website, and that it does not conduct business in New York State"). Like the defendant in *Kroger Co.*, Newhere's website is compliant with the ADA and Newhere commits to monitoring the website to ensure that visually impaired individuals continue to have equal access to its website. *Diaz v. Kroger Co.*, 2019 U.S. Dist. LEXIS 93177, 2019 WL 2357531, at *11 (S.D.N.Y. Jun 4, 2019). The Court should, therefore, find that any claims under the ADA against Newhere have been mooted.

Accordingly, we ask the Court to schedule a pre-motion hearing on Defendant's anticipated motion to dismiss based on the above grounds. We thank the Court for its attention to this matter.

Respectfully,

Ian E. Smith, Esq.
Partner, Spire Law, LLC

Enclosure

cc: VIA ECF: All Counsel